**FILED**

**October 1, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Megan U.,**
**Respondent Below, Petitioner**

**vs.) No. 20-0439** (Kanawha County 20-DV-143)

**Delbert R.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Mother Megan U., by counsel Christopher Pritt, appeals the Circuit Court of Kanawha County's April 24, 2020, order that denied her appeal of the Family Court of Kanawha County's order granting a domestic violence protective order against her and in favor of respondent father on behalf of the child, M.R.[1] Respondent father, Delbert R., by counsel Andrew S. Nason, filed a response in support of the circuit court's order and a supplemental appendix. On appeal, petitioner contends that the circuit court erred in denying her appeal of the family court order granting a domestic violence protective order when the child was not in fear of his safety.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties share custody of M.R. According to respondent's petition for an emergency domestic violence protective order ("DVPO"), on January 31, 2020, then-ten-year-old M.R. was in petitioner's custody and was staying at her home with her husband, M.R.'s stepfather. In the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

petition, respondent stated that M.R. called him at approximately six o'clock in the morning and told him that petitioner and the stepfather were fighting. Respondent stated that he could hear petitioner screaming in the background of the phone call and that he spoke to the stepfather who stated that petitioner struck him in the face. The stepfather discussed filing a petition for a DVPO on his own behalf against petitioner. After speaking with the stepfather, respondent filed a petition for a DVPO on behalf of M.R. and stated in the petition that he believed M.R. was in an "unstable environment with [petitioner] and [is] at risk of harm due to [her] violent behavior and outbursts." The same day, the magistrate court entered an emergency DVPO in favor of respondent on behalf of the child M.R. and against petitioner.

On February 13, 2020, the family court conducted an evidentiary hearing. Respondent testified consistently with the allegations in his original petition. Respondent introduced two voice recordings of phone calls and one video, which were admitted as evidence. In the initial phone call recorded by respondent's wife, the stepfather is heard explaining that he and petitioner got into a fight and that petitioner punched him in the face. In response to this statement, petitioner is heard in the background saying, "and I'm sorry." Petitioner is heard in the background arguing with the stepfather throughout the entire call. The family court noted that M.R. is also heard on the call to say "she [petitioner] needs to get arrested." Near the end of the call, the stepfather said, "it really would be best if [M.R.] stayed with you" because petitioner is "unsafe." Concerning the second video, respondent explained that M.R. recorded it on January 22, 2020, regarding another incident between the stepfather and petitioner and later sent it to him. During the video, M.R. announced that he was recording the incident and petitioner and the stepfather are heard arguing. Respondent further explained that this is not the first instance of physical violence in the home and that he has taken M.R. to therapy due to his exposure to these fights. Respondent added that he received a letter within the last week from the Kanawha County Schools attendance and social services director stating that M.R. had been truant. The dates provided in the letter showed that M.R. had eight unexcused absences while he was in petitioner's custody. One of those unexcused absences occurred on January 31, 2020—the date of the incident leading to the DVPO. Finally, respondent testified that when he saw M.R. on January 31, 2020, M.R. was clearly upset.

Petitioner testified and argued that the video and the recordings were taken out of context. She stated that the home is extremely small and that "you could hear a pin drop," indicating that M.R. could hear private conversations. Petitioner denied punching the stepfather but admitted that she had an argument with him on January 31, 2020. According to petitioner, M.R. and the stepfather were not truthful about the altercation. Petitioner then called the stepfather as a witness. The stepfather stated that he filed a petition for a DVPO, which was granted, but that he eventually withdrew it. He admitted to being distraught when he filed the petition, but denied that he and petitioner exhibited violence. The stepfather testified that "every couple has disagreements." On cross-examination, the stepfather admitted that petitioner had previously thrown "something" at him and that during the January 31, 2020, incident petitioner punched him on the right side of his jaw. The stepfather admitted telling respondent that petitioner hit him and that M.R. needed to go to respondent.

The family court judge stated on the record that she viewed the video and heard the phone calls and believed that the child had been present during at least two physical altercations

between petitioner and the stepfather. The court noted that petitioner lied about hitting the stepfather in the face and that M.R. was clearly aware of the altercation. Having heard the evidence, the family court found that petitioner "created fear of physical harm by harassment, stalking, psychological abuse or threatening acts" in violation of West Virginia Code § 48-27-202(3) as M.R. was present during "an altercation between [petitioner] and her current husband." The family court entered a DVPO against petitioner the same day as the hearing.

Petitioner appealed the family court's order to the circuit court, which held a hearing on March 24, 2020. The circuit court affirmed the family court's DVPO and denied petitioner's appeal finding that it reviewed the evidence taken below in family court, which revealed that the January 31, 2020, incident was not an "isolated incident" and that the recorded phone call of the incident showed that the child called respondent due to being placed in a "fearful situation." The circuit court agreed with the family court's finding that M.R. was "exposed to physical fights between his mother and stepfather, two adults to whom he looks toward for support and protection and that being exposed to those fights and those threatening acts caused him to experience fear for his own safety based on the evidence in the record" below. The circuit court found that the domestic violence "perpetrated between a mother and a stepfather in front of a ten-year-old child, does fit the definition" of creating "a fear of physical harm by harassment, stalking, psychological abuse, or threatening act." Finding that petitioner failed to demonstrate error in the family court's ruling, the circuit court denied petitioner's appeal by order entered on April 24, 2020. It is from this order that petitioner appeals.

"Upon an appeal from a domestic violence protective order, this Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*." Syl. Pt. 1, *John P.W. on Behalf of Adam and Derek W. v. Dawn D.O.*, 214 W. Va. 702, 591 S.E.2d 260 (2003); *see also* W. Va. Code § 48-27-510(d) ("The standard of review of findings of fact made by the family court is clearly erroneous and the standard of review of application of the law to the facts is an abuse of discretion standard.").

On appeal, petitioner argues that the circuit court abused its discretion when it affirmed the family court's order granting respondent a domestic violence protective order on behalf of M.R. Specifically, petitioner argues that the circuit court erred in finding that the incident between her and her husband caused M.R. distress, fear of physical harm, or fear for his safety and wellbeing. According to petitioner, the circuit court's finding that she "created fear of physical harm by harassment, stalking, psychological abuse or threatening act" was in error because M.R. did not state that he was in fear nor did he behave like he was in fear during the altercation.[2]

---

[2]In her brief, petitioner lists five separate but closely related assignments of error. In addressing this appeal, we have combined these assignments into a single discussion.

Respondent sought a protective order on behalf of M.R. pursuant to West Virginia Code § 48-27-305(2).[3] To be granted such an order, respondent had to show that petitioner committed one of the acts enumerated in West Virginia Code § 48-27-202. That section provides as follows:

> "Domestic violence" or "abuse" means the occurrence of one or more of the following acts between family or household members . . .
>
> (1) Attempting to cause or intentionally, knowingly or recklessly causing physical harm to another with or without dangerous or deadly weapons;
> (2) Placing another in reasonable apprehension of physical harm;
> (3) Creating fear of physical harm by harassment, stalking, psychological abuse or threatening acts;
> (4) Committing either sexual assault or sexual abuse as those terms are defined in articles eight-b and eight-d, chapter sixty-one of this code; and
> (5) Holding, confining, detaining or abducting another person against that person's will.

The circuit court affirmed the finding of the family court that petitioner violated subsection (3), "[c]reating fear of physical harm by harassment, stalking, psychological abuse or threatening acts" based upon M.R. being placed in a fearful situation by being exposed to physical fights between petitioner and the stepfather, and that being exposed to those fights and those threatening acts caused M.R. to experience fear for his own safety. We find no error in these findings.

"An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995). Here, the family court, as the trier of fact, rejected petitioner's testimony that she did not strike the stepfather, in light of the stepfather's testimony that she struck him and the recorded evidence of the stepfather clearly stating that petitioner hit him in the face. Further, on the call, petitioner is heard apologizing for the strike. Upon finding that petitioner physically struck petitioner and committed domestic violence, the family court found that M.R. had been exposed to such domestic violence as he was heard throughout the call and was obviously present and aware of the incident. Petitioner asserts that the child did not witness the altercation, but the stepfather admitted that M.R. called respondent during the incident and that he described the fight to respondent on the phone while M.R. was present. Additionally, petitioner and the stepfather testified that their home was less than a thousand square feet and

---

[3]West Virginia Code § 48-27-305(2) provides that,

> A petition for a protective order may be filed by . . .
>
> (2) An adult family or household member for the protection of the victim or for any family or household member who is a minor child or physically or mentally incapacitated to the extent that he or she cannot file on his or her own behalf.

that M.R. could hear their private conversations. As such, by petitioner's own admission, M.R. was fully aware of the altercation and reacted by calling respondent for help. Although petitioner asserts that her behavior was not directed towards M.R., the evidence shows that M.R. was scared enough to call respondent and even stated that petitioner should be arrested during the call. Therefore, we reject petitioner's argument that the child was not in fear of physical harm or for his general safety due to petitioner's physical violence against the stepfather. Accordingly, we find no error in the circuit court's decision denying petitioner's appeal of the DVPO.

For the foregoing reasons, we affirm the circuit court's April 24, 2020, order denying petitioner's appeal of the domestic violence protective order.

Affirmed.

**ISSUED**:  October 1, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton